IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBORAH L. SALOMON,
    Plaintiff,

vs.                           Case No. 07-1274-JTM

MICHAEL J. ASTRUE,
   Commissioner of Social Security,
    Defendant.

MEMORANDUM AND ORDER

Plaintiff Deborah Salomon has applied for Social Security disability benefits. Her application was denied by the ALJ on August 22, 2006, a decision affirmed by the Appeals Council on July 14, 2007. Salomon now claims that the ALJ erred in failing to determine that she suffered from a severe impairment.

Salomon was born on April 3, 1962. She claims she became disabled beginning September 1, 1999. Salomon was diagnosed with probable encephalitis following a mosquito bite in 1998, and received mental health treatment in 2001. She has previously worked as an administrative assistant to a plant manager. Salomon was last insured on June 30, 2004. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 15-17), the brief of Salomon (Dkt. No. 15, at 2-9) and the Commissioner's response (Dkt. No. 20, at 2-10).

The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant

has the initial burden of proof in the first three steps:  she must show that whether she is engaged in substantial gainful activity, that she has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).  If a claimant shows that she cannot return to her former work, the Commissioner has the burden of showing that she can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act.  Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

The ALJ concluded that Salomon did not suffer from an impairment or combination of impairments which would limit her ability to work. The ALJ acknowledged Salomon's complaints of shakiness and forgetfulness, but noted that the former was episodic in 2003, and that Salomon remained active (Tr. 15). More generally, the ALJ found that her description of her condition was "not entirely credible." (*Id.*) Specifically, he noted that Salomon's alleged shakiness did not prevent her from target shooting.

Salomon argues that the ALJ's determination goes against the weight of the evidence, and that the evidence in the case showed a more than minimal effect on her ability to work. *See Morris ex rel. Feth v. Barnhart*, 326 F.Supp.2d 1203 (D.Kan. 2004). She points to two treating source statements submitted to the ALJ in 2006 by a physician's assistant, Carolyn Kliewer, as well as a follow-up narrative Ms. Kliewer submitted to the Appeals Council, which described Salomon's mental treatment history. Salomon also points (Dkt. No. 15, at 15-16) to her own and her mother's descriptions of her condition as well as other evidence in the record.

The court has reviewed all the evidence in the case and concludes that no error exists since the evidence doe not demonstrate a significant limitation on the ability to work. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir.1997). First, the ALJ correctly noted that some of the evidence submitted by plaintiff was directly relevant only to the period after the lapse of her insured status in 2004, and reflected the recent death of Solomon's husband. (Tr. 17). In particular, the ALJ noted that Kliewer's statements were not corroborated by the clinic's supervising physician Dr. Paul W. Murphy and nurse practitioner Deborah Murphy's contemporaneous treatment notes.

Those notes showed that Salomon's condition had improved in 2004 and that she then needed only continued support or maintenance. They showed that Salomon was generally enjoying

life, and while she was saddened by her son leaving for college, this was controlled by medication. She appeared to have a normal attention span, and her memory was intact. In October, 2004, Salomon reported during a "well woman" exam that she had no complaints. The physician noted that Salomon sometimes stated that she had some stress, but he recommended no particular treatment for her. The Appeals Council considered Kliewer's November 2006 statement, but correctly concluded that it was not probative of Salomon's condition during her insured status.

IT IS ACCORDINGLY ORDERED this 9th day of March, 2009 that the present appeal is hereby denied.

> s/J. Thomas Marten
> J. THOMAS MARTEN, JUDGE